IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| LORENZA EVANS, <br> 7617 Fontainebleau Drive, Suite 2142 <br> New Carrollton, MD 20784 <br><br> *On Behalf of Class of Similarly Situated Persons* <br><br> Plaintiff <br><br> v. <br><br> BILL ME LATER, INC. D/B/A PAYPAL CREDIT <br> 9690 Deereco Road, Suite 110 <br> Timonium, MD 21093 <br><br> Defendant | Civil Action No.: **ELH17CV1784** |

\* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

Defendant Bill Me Later, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, hereby removes the action entitled *Lorenza Evans v. Bill Me Later, Inc. d/b/a Paypal Credit*, Case No. 24C17002898, filed in the Circuit Court for Baltimore City, Maryland. As grounds for removal, Defendant states as follows:

1. This action was commenced by plaintiff Lorenza Evans ("Plaintiff") on May 18, 2017 by the filing of a putative class action in the Circuit Court for Baltimore City, Maryland. A copy of the complaint is attached as **Exhibit A**. A copy of all other papers filed in the state court case is attached as **Exhibit B**. The Complaint was served on Defendant on May 30, 2017. This notice is therefore timely, as it is filed within 30 days after service of process.

2. The complaint seeks to certify a plaintiff class comprised of:

> All persons contacted directly or indirectly by PayPal Credit for the purpose of arranging an extension of credit for them with Comenity Capital Bank for consumer purposes.

Complaint ¶ 42. No class period is specified, although Plaintiff seems to allege that any applicable statute of limitations has been tolled. *See id.* ¶ 79.

3. The complaint asserts claims under Maryland law based on Defendant's allegedly unlawful facilitation of consumer credit through non-party Comenity Capital Bank ("Comenity"). The complaint includes claims for (1) violations of the Maryland Credit Services Business Act ("MCSBA"), (2) violations of the Maryland Consumer Protection Act ("MCPA"), (3) unjust enrichment, and (4) money had and received.

4. With respect to Plaintiff's claims under the MCSBA and MCPA, the complaint requests "a sum in excess of $75,000.00 which represents [the putative class members'] compensatory damages and losses." Complaint ¶ 68(B). The complaint also requests punitive damages for alleged "willful and knowing violations of Maryland law[.]" *Id.* ¶ 68(C). Finally, it requests attorney's fees incurred in connection with these two claims. *Id.* ¶ 68(D).

5. With respect to Plaintiff's claim for unjust enrichment, the complaint requests that the court "[g]rant a money judgment and order the Defendant to disgorge and pay to the Class all payments and consideration and interest it has collected, and profits realized there from, in a sum in excess of $75,000.00, from the Class members and Named Plaintiff related to the credit services business activities it engaged [sic] without the right to do so." *Id.* ¶ 84(b). The complaint also requests attorney's fees in connection with this claim. *Id.* ¶ 84(c).

6. With respect to Plaintiff's claim for money had and received, the complaint similarly requests that the court "[g]rant a money judgment and order the Defendant to disgorge and pay to the Class all payments and consideration and interest, and profits there from, it has

collected in a sum in excess of $75,000.00, from the Class members and Named Plaintiff related to the credit services business activities it engaged [sic] without the right to do so." *Id.* ¶ 94(b). The complaint also requests attorney's fees in connection with this claim. *Id.* ¶ 94(c).

7. The complaint states that the proposed class "exceed[s] more than [sic] a hundred persons[.]" *Id.* ¶ 45.

8. The basis for removal of this action is the jurisdiction conferred by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453.

9. CAFA vests the district courts with original jurisdiction over all class actions in which: (a) any member of a class of plaintiffs is a citizen of a State different from any defendant; (b) the number of proposed class members is 100 or more; and (c) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). This case meets all of these requirements.

10. First, there are members of the proposed class who are citizens of a different state than Defendant. Defendant is a corporation organized under the laws of Delaware with its principal place of business in Maryland. The proposed class includes "[a]ll persons contacted directly or indirectly by PayPal Credit for the purpose of arranging an extension of credit for them with Comenity Capital Bank for consumer purposes." Complaint ¶ 42. Defendant and Comenity are both large companies doing business nationwide. The proposed class includes members who are citizens of states other than Maryland and Delaware.

11. Second, there are more than 100 members in the proposed class. The complaint specifically alleges that the class includes "more than a hundred persons[.]" *Id.* ¶ 45.

12. Third, the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. Among other things, the complaint asks the court to award a judgment that

3

would require Defendant to return all sums that it has collected from each member of the putative class. Specifically, in its prayer for relief, the complaint requests that the court "order the Defendant to disgorge and pay to the Class all payments and consideration and interest it has collected, and profits realized there from, in a sum in excess of $75,000.00, from the Class members and Named Plaintiff related to the credit services business activities it engaged [sic] without the right to do so." *Id.* ¶ 84(b). The sum demanded by Plaintiff on behalf of the putative class is well in excess of $5,000,000.

13. Fewer than one-third of the members of the proposed class are citizens of Maryland.

14. Defendant expressly denies liability and expressly denies that Plaintiff or any member of the putative class has suffered any damage for which Defendant is responsible on account of the conduct alleged in the complaint.

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 100 and 1441(a) because the District of Maryland is the federal judicial district embracing the Circuit Court of Maryland for Baltimore City, the court in which this action was originally filed.

16. A copy of this Notice will be served upon Plaintiff as required by 28 U.S.C. § 1446(d).

17. A notification of the filing this Notice of Removal will be filed with the Circuit Court of Maryland for Baltimore City promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), and is attached hereto as **Exhibit C**.

18. In removing this action to federal court, Defendant expressly reserves, and does not waive, any and all rights and defenses it has or may have.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Maryland for Baltimore City to the United States District Court for the District of Maryland.

June 28, 2017

Respectfully submitted,

*[signature]*

Daniel J. Tobin (Bar. No. 10338)
Ballard Spahr LLP
1909 K Street NW – 12th Floor
Washington, D.C. 20006
Telephone: (202) 661-2200
Facsimile: (202-661-2299
tobindj@ballardspahr.com
*Attorneys for Bill Me Later, Inc. d/b/a Paypal Credit*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of June, 2017, a copy of the foregoing was served via first-class mail, postage prepaid, upon:

> Phillip R. Robinson
> Consumer Law Center LLC
> 8737 Colesville Road, Suite 308
> Silver Spring, MD 20910

*Attorneys for Plaintiff*

*[signature]*

Daniel J. Tobin

DMEAST #29841209 v4