## IN THE CIRCUIT COURT OF MARYLAND FOR BALTIMORE CITY

| | |
|---|---|
| **LORENZA EVANS**<br>7617 Fontainebleau Drive, Suite 2142<br>New Carrollton, MD 20784 | * <br> * <br> * <br> * |
| *On Behalf of Class of Similarly*<br>*Situated Persons* | * <br> * <br> * |
| Plaintiff | * <br> * |
| v. | *     Case No.: <br> * |
| **BILL ME LATER, INC. D/B/A**<br>**PAYPAL CREDIT**<br>9690 Deereco Road., Suite 110<br>Timonium, MD 21093<br><u>SERVE ON:</u><br>The Corporation Trust Incorporated,<br>Resident Agent<br>351 W. Camden Street<br>Baltimore, MD 21201 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |
| Defendant | * |

### CLASS ACTION COMPLAINT
### &
### REQUEST FOR JURY TRIAL

Plaintiff Lorenza Evans ("Ms. Evans" or "Named Plaintiff"), by her attorneys, Phillip Robinson and the CONSUMER LAW CENTER, LLC, hereby files this Complaint against Defendant Bill Me Later, Inc. d/b/a Paypal Credit ("Paypal Credit") and states as follows:

### I. INTRODUCTION

1.      The underlying matter involves predatory practices of Paypal Credit's
unlicensed and illegal credit service business to the Plaintiff and a class of
similarly situated persons in the State of Maryland.

2.      As part of its routine business from its operations center in Timonium,
Maryland, Paypal Credit solicited and arranged for an extension(s) of credit for
Plaintiff and a class of similarly situated persons with Comenity Capital Bank.
Yet Paypal Credit was not and is not licensed to conduct these business activities
but is required to be licensed under Maryland's Credit Services Business Act
("MCSBA").

3.  The Court of Appeals has explained,

> The MCSBA defines a "credit services business" as "*any person*
> who, with respect to the extension of credit by others, sells, provides,
> or performs, or represents that such person can or will sell, provide,
> or perform" any of certain enumerated services "in return for the
> payment of money or other valuable consideration." CL § 14–
> 1901(e)(1) (emphasis added). The term "person" is defined to
> include not only individuals, but also various types of entities, as
> well as "any other legal or commercial entity." CL § 14–1901(g).
> The enumerated services that qualify a person as a "credit services
> business" are: "(i) Improving a consumer's credit record, history, or
> rating or establishing a new credit file or record; (ii) Obtaining an
> *extension of credit* for a consumer; or (iii) *Providing advice or
> assistance to a consumer* with regard to either [of the first two
> services]." CL § 14–1901(e)(1) (emphasis added). An "extension of
> credit" is defined as "the right to defer payment of debt, or to incur
> debt and defer its payment, offered or granted primarily for personal,
> family, or household purposes." CL § 14–1901(f).
>
> Thus, an individual or entity that, in return for the payment of
> money, offers to assist a consumer in obtaining an extension of
> credit."

*Comm'r of Fin. Regulation v. Brown, Brown, & Brown, P.C.*, 449 Md. 345, 350–51, 144 A.3d 666, 670 (2016), reconsideration denied (Sept. 28, 2016)(footnote omitted; emphasis in original).

4.      Paypal Credit's regular and ongoing business activities from its Timonium, Maryland operations center also violate MCSBA as to the Plaintiff and Class members in multiple other ways, in addition to operating without the require MCSBA license, including the following:

A. Paypal Credit never provided the Plaintiff or the Class members with a written statement which will details the services provided, their right to certain required information, and the total fees to be charged to them before the credit services business actually performs any services on their behalf in violation of Com. Law § 14-1904 & 14-1905.

B. Paypal Credit never provided the Plaintiff or the Class members with a written right to cancel the contract for credit services it established with the Plaintiff and Class members in a specific form required by Com. Law § 14-1906.

C. Paypal Credit is required to have a surety bond to provide its credit services to the Plaintiff and the Class members but it has failed to acquire such a bond as required by Com. Law § 14-1908.

5.      Each of Paypal Credit's activities subject to this action which violate the MCSBA also constitute criminal acts. Com. Law § 14-1915.

3

6.      As part of its regular and on-going business activities to solicit and arrange for an extension(s) of credit, Paypal Credit collects payments from fees and costs, directly or indirectly, incurred by Plaintiff and the Class members. Thus, it has been unjustly enriched from its illegal activities and should disgorge those profits to Plaintiff and the Class members.

7.      Plaintiff and the Class members have been further damaged by the bait and switch loan offerings by Paypal Credit in which it offered Plaintiff and the Class members one type of credit transaction, but after the Plaintiff and Class members had reasonably relied upon and accepted those terms, the final terms were changed to terms more profitable to Paypal Credit and its affiliates. These unfair and deceptive communications were carried out in part by PayPal Credit's concealment of material facts from Plaintiff and Class members.

8.  Paypal Credit previously agreed to a Stipulated Final Judgment and Order entered against it in the United States District Court for the District of Maryland in the matter known as *Consumer Financial Protection Bureau v. PayPal, Inc. and Bill Me Later, Inc.*, Case No. 1:15-cv-01426 (judgment entered August 3, 2015)("CFPB Judgment"). In this Stipulated Final Judgment and Order Paypal Credit was "enjoined and restrained from misrepresenting any material aspect of Paypal Credit, including...the terms and conditions of any promotional offer associated with Paypal Credit..." CFPB Judgment at ¶ 19(B). Plaintiff and the Class members are third party beneficiaries of the CFPB Judgment.

## II. THE PARTIES

4

9.      Ms. Evans is a consumer as that term is used in Com. Law § 14-1901(c). She is also a Maryland resident.

10.      Defendant Bill Me Later, Inc. d/b/a Paypal Credit ("Paypal Credit") conducts all of its business operations related to the Plaintiff and the Class members from its Timonium, Maryland operations center. Paypal Credit provides services for the Comenity Capital Bank, Plaintiff, and Class Members, such as processing transactions, keeping records, sending billing statements, and providing customer service. Paypal Credit also receives payments and performs collection activities on behalf of the Comenity Capital Bank from the Plaintiff and Class members but is not licensed as Maryland Collection Agency.

11.      Not named as a party in this action is Paypal, Inc.  Paypal Credit is a wholly-owned subsidiary of Paypal Inc.

12.      Not named as a party in this action is Comenity Capital Bank. Comenity Capital Bank is a wholly-owned subsidiary of Comenity, LLC.  Comenity, LLC is a wholly-owned subsidiary of ADS Alliance Data Systems, Inc.  ADS Alliance Data Systems, Inc. is a wholly-owned subsidiary of Alliance Data Systems Corporation, a company publicly traded on the New York Stock Exchange (NYSE: ADS).

### III.      JURISDICTION AND VENUE

13.      Declaratory and injunctive relief are available pursuant to Md. Code Ann., §§ 3-401 – 3-415, and Rule 2-231 (b)(2).

5

14.     Venue in this Court is proper in that the Defendant transacts business in Baltimore City as part of its credit services businesses. This action also includes conduct against putative Class members which occurred in Baltimore City, Maryland. PayPal Credit admitted as part of the CFPB Judgment that it regularly transacts business in the State of Maryland. CFPB Judgment at ¶ 4.

15.     This Court has equitable jurisdiction over the claims asserted herein. 9 M.L.E. Equity § 2.

16.     This Court has jurisdiction of this matter pursuant to Rule 2-231 in order to facilitate management of multiple similar claims. Maryland law does not permit class actions to be maintained in the District Court of Maryland.

### IV.     FACTUAL ALLEGATIONS

17.     PayPal Credit offers through advertisements on eBay and online retailers' websites and direct promotional messages through its partners and affiliates, as well as during the checkout process for ecommerce and mobile transactions, to arrange opportunities for consumers to incur debt granted primarily for personal, family, or household purposes and defer its payment on arranged terms.

18.     PayPal Credit does not provide Maryland consumers (with whom it provides credit business services, as defined in Com. Law § 14-1901(e)) with adequate information to allow them to understand the terms and conditions of the extension of credit arranged by it on their behalf.

19.     For example, PayPal Credit often represents to consumers terms that it can arrange credit terms to defer payments over the course of a period of time with no

interest if accepted by a specific deadline.  A sample of one such solicitation appears as follows:



20.     PayPal Credit's direct and indirect communications with the Named Plaintiff and the Class members never includes any of the information required of a credit services business pursuant to Com. Law §§ 14-1904 and 14-1905.

21.     PayPal Credit's direct and indirect communications with the Named Plaintiff and the Class members never includes a reference to any exemption to the MCSBA it claims to qualify as required of a credit services business pursuant to Com. Law §14-1903.1.

22.     PayPal Credit does not qualify for any of the exempt categories of persons from the scope of the MCSBA in Com. Law § 14-1901(e)(2) for any of its activities with the Named Plaintiff and the Class members.

23.     PayPal's credit services business is also described in its own solicitations as follows:

**LIMITED TIME ONLY - February 21 - 26, 2017\*\***

24 Payments

0% APR
24 month term
Minimum Purchase amount:
$600.00

- PayPal Credit is subject to credit approval as determined by the Lender, Comenity Capital Bank, Salt Lake City, Utah, and is available to US customers who are of legal age in their state of residence. PayPal Credit is serviced by Bill Me Later, Inc.
- If approved for PayPal Credit, Comenity Capital Bank will make a loan to you for the amount financed to pay for your purchase and pay the merchant on your behalf.

24.     However, it's not until after the consumer agrees to the arrangement proposed by PayPal Credit that actual terms and conditions of the offer and transaction are clearly disclosed.  However, at that point the transaction cannot be undone and the consumer is obligated for sums they did not anticipate or desire to Comenity Capital Bank.

25.     As exemplified in ¶¶ 19, 23 *supra*, PayPal Credit always fails to clearly and conspicuously state in any of its advertisements to the Named Plaintiff and Class members what exemption to MCSBA it believes it qualifies as required by Com. Law § 14-1903.1.

26.     PayPal Credit's contractual terms with the Named Plaintiff and Class members do not contain the terms required by Com. Law § 14-1906.

27.     When PayPal Credit obtains an extension of credit for a consumer, it nearly exclusively does so with Comenity Capital Bank acting as the creditor.

28.      Upon information and belief PayPal Credit and Comenity Capital Bank had agreed to a fiscal arrangement whereby PayPal Credit receives money or other valuable consideration for each referral from it to Comenity Capital Bank. That sum of money or other consideration is based upon the (i) obligation incurred by the consumer entering into the transaction arranged by PayPal Credit and Comenity Capital Bank and (ii) payments received from the consumer by PayPal credit on behalf of Comenity Capital Bank. This belief is based upon the fact that PayPal Credit would not perform its servicers for no consideration whatsoever.

## V.   NAMED PLAINTIFF'S FACTUAL ALLEGATIONS

29.      On February 21, 2017 at 12:06PM PayPal Credit sent Ms. Evans a written offer to arrange an extension of credit on an eBay purchase of $600 or more that would be paid by 24, interest free payments. This written offer did not include the information required by Com. Law §§ 14-1904 and 14-1905. The offer expired on February 26, 2017.

30.      At this time Ms. Evans was interested in acquiring a new printer for her personal use. She identified a printer offered on eBay at a cost of $1,500 that she wished to acquire based on the offer. However, the scheduled auction for the printer she identified would not conclude until February 27, 2017.

31.      In reliance to the February 21, 2017 offer Ms. Evans called PayPal Credit twice to determine whether or not it would apply the offer to a purchase made on an eBay seller auction concluded on February 27, 2017. PayPal Credit's

representatives explained in each call that the February 21, 2017 offer would only be valid for an auction which closed on or before February 26, 2017.

32.     The seller offering the printer Ms. Evans was interested in acquiring created a new listing of her desired printer which ended on February 26, 2017. In light of this new listing and in reliance to the February 21, 2017 offer, Ms. Evans immediately offered to purchase the printer on eBay for $1,500 and she selected PayPal Credit as the payment method in reliance that the February 21, 2017 offer would be valid since she made her purchase before the offer expired.

33.     On February 27, 2017 Ms. Evans checked her PayPal Credit account to make sure that the monthly payment amount was consistent with the February 21, 2017 offer. However, her PayPal Credit account terms reflected materially different terms from what had been represented to her previously. In particular the payment interval was for a term of six months which was unacceptable and unexpected by Ms. Evans since she would have never proceeded with that transaction under those terms if PayPal had clearly and conspicuously disclosed these terms before she obligated herself to them to Comenity Capital Bank.

34.     Ms. Evans immediately called Paypal Credit when she learned the new terms, spoke to an agent who said that there was nothing that he could due since the promotion was over. Ms. Evans asked to speak to a supervisor and was transferred to "Don" and he took her complaint and said that he would have the "back office" review the situation and get back to her within 24 to 48 hours. As of this pleading PayPal Credit has still not responded to Ms. Evans' complaint.

10

35.     On or about March 24, 2017, Ms. Evans received a statement from PayPal

Credit on behalf of Comenity Capital Bank which showed the materially different

terms and conditions for her printer purchase described *supra* than was

represented on its February 21, 2017 offer. The statement showed the following

clearly and conspicuously:

**PayPal CREDIT**

Viewing: Feb 26 - Mar 24, 2017 | See statements >

| | | |
|---|---|---|
| Full statement | Last statement balance | $707.17 |
| | Payments and credits | - $140.00 |
| | Purchase and adjustments | + $1,560.00 |
| Payment due ...... | Apr 21, 2017 | Fees | + $0.00 |
| Minimum payment due | $0.00 | Interest charges | + $0.00 |
| Amount to avoid Standard and Deferred Interest (?) | $0.00 | **Statement balance** | $2,127.17 |

Transactions from this statement

Pending transactions are not included in your current balance.

| | | |
|---|---|---|
| MAR 11 | PAYMENT - THANK YOU
Payment | - $140.00 |
| FEB 26 | MORGANDAWD
Purchase – No Payments+No Interest for 6 Months | + $1,560.00 |

36.     Had any of PayPal Credit's solicitations before her purchase on February

26, 2017 been as clear and conspicuous as PayPal Credit's March 24, 2017

statement on Comenity Capital Bank's behalf, Ms. Evans would not have made the

purchase.

37.     Because Ms. Evans does not have the means to pay the $1,500 due for the

printer before the end of August 2017, she will incur interest on the transaction she

would not have had to incur if PayPal Credit's February 21, 2017 offer been

honored. Ms Evans has limited income and does not have the means to pay the

entire sum within the six months.

11

38.     As of this pleading Ms. Evans has made payments because she is concerned

of possible negative consequences to her if she does not do so and she understands

that she has a duty to mitigate her damages and losses and making payments will

reduce the interest she will incur as a result of the bait and switch communications

and credit services business solicitations of PayPal Credit.

39.     In none of the communications with Ms. Evans did PayPal Credit ever

provide her with adequate information that is required by Com. Law §§ 14-1904,

14-905, and 14-1906.  Nor did any PayPal Credit communication with Ms. Evans

ever disclose the information required by Com. Law §§ 14-1901(e)(2) and 14-

903.1.

40.     Upon information and belief, PayPal Credit has received a portion of Ms.

Evans' payments or other valuable consideration as part of its contractual

relationship with Comenity Capital Bank for arranging the credit extended to Ms.

Evans described herein.

41.     Ms. Evans has been damaged and sustained losses as a direct and proximate

result of PayPal Credit's acts and omissions described herein including:

    A.     PayPal Credit has earned money or other valuable consideration as a

    result of Ms. Evan's purchase and payments made on that purchase

    described *supra* that it was not entitled to receive pursuant to Com. Law §

    14-1902(1) since it is not licensed as a credit service business.  PayPal

    Credit has also retained these sums even though it is legally not permitted

    to do so.

12

B.      She was not provided with the material consumer protections required by the Legislature pursuant to the MCSBA which affected her ability to make an informed decision on her purchase and the omission of those required disclosers and information has negatively impacted her statutory rights under Maryland law.

C.      Ms. Evans has sustained emotional damages and losses manifested by fear, frustration, worry, and anger as a result of the bait and switch sales tactics of PayPal Credit.

## VI.   NAMED PLAINTIFF'S CLASS ALLEGATIONS

42.     Named Plaintiff brings the class claims asserted herein under Rule 2-231 on her behalf and on behalf of a Class of similarly situated persons defined as follows:

> All persons contacted directly or indirectly by PayPal Credit for the purpose of arranging an extension of credit for them with Comenity Capital Bank for consumer purposes.

43.     Ms. Evans brings her Class claims on the basis of Rule 2-231 to determine on a class-wide basis whether PayPal Credit's acts and omissions as a credit service business described herein constitute violations of the MCSBA and/or unfair and deceptive practice under the Maryland Consumer Protection Act. In addition, Ms. Evans brings an unjust enrichment on her behalf and on behalf of the Class under common law money had and received and unjust enrichment.

44.     The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are

13

also readily identifiable from the information and records in the possession or control of the Defendant and its affiliated entities and agents.

45.  The Class members are sufficiently numerous, exceeding more than a hundred persons, that individual joinder of all members is impractical.

46.  There are questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class and, in fact, the wrongs alleged against PayPal Credit by the Class members and the remedies sought by Ms. Evans and the Class members against PayPal Credit are identical. The common issues include, but are certainly not limited to:

A. Whether PayPal Credit acts as a credit services business under the MCSBA;

B. Whether PayPal Credit is licensed as a credit services business;

C. Whether PayPal Credit provided any of the information and disclosures required by the MCSBA with the Class members;

D. Whether PayPal Credit may take actions, including offers to arrange credit for Class members, in the State of Maryland, which constitute criminal acts under the MCSBA;

E. Whether PayPal Credit's acts and omissions constitute a violation of the MCSBA;

F. Whether PayPal Credit's acts and omissions constitute a determination of unfair and deceptive practices subject to liability to the Class members pursuant to the Maryland Consumer Protection Act;

G. Whether PayPal Credit receives payments or other valuable consideration from any other person for arranging the extension of credit between the Class members and Comenity Capital Bank; and

H. What sum of profits has PayPal Credit realized from payments and valuable consideration is has received for arranging for the extension of credit between the Class members and Comenity Capital Bank.

47.     Ms. Evans' legal and equitable Class are typical and the same or identical for each of the member of the Class and will be based on the same legal and factual theories.

48.     PayPal Credit's defenses (which defenses are denied) would be typical and the same or identical for each of the member of the Class and will be based on the same legal and factual theories.

49.     Ms. Evans will also fairly and adequately represent and protect the interests of the Class. She has retained counsel experienced in consumer class actions including actions involving unlawful collection practices and unlawful credit services businesses. Ms. Evans also does not have any interests which might cause her not to vigorously prosecute this action or are otherwise adverse to the interests of the members of the Class.

50.     Certification of a Class under Rule 2-231(b)(3) is appropriate as to the Class members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious

15

administration of Class members' claims, and economies of time, effort and expenses will be fostered and uniformity of decisions will be ensured.

51.     The only individual questions concern the identification of Class member damages and losses or disgorgement each Class member would be entitled to recover. This information, however, can be determined by a ministerial examination of the Defendant's business records or other sources, which are admissible as an exception to the hearsay rule and as a statement by a party. Further, the damages and losses or disgorgement sums award can be disbursed to the Class members on a pro-rata basis based upon what the Class members paid, directly or indirectly, to PayPal Credit or what sum it earned from each Class member transaction (including the profits from those sums).

52.     The Named Plaintiff's claims are typical of the claims of the Class pursuant to Rule 2-231(a)(3) since they are based on and arise out of identical facts constituting the wrongful conduct of the Defendant.

53.     Named Plaintiff will fairly and adequately protect the interests of all Class members in the prosecution of this action. She is similarly situated with, and has suffered similar injuries as, the members of the Class she seeks to represent. She feels that she has been wronged and wished to obtain redress of the wrong, and want the Defendant stopped from enriching itself from illegal activities or otherwise perpetrating similar wrongs on others.

54.      Defendant, by acting in contravention of Maryland law regarding the rights

of Maryland consumers seeking and accepting credit have acted on grounds

generally applicable to the Class members.

55.      The Class members have suffered damages, losses, and harm similar those

sustained by the Named Plaintiff and described above.

**Count I: Violation of the Maryland Credit Services Businesses Act, Md. Code Ann.**
**Com. Law §14-1901, *Et Seq*. & Maryland's Consumer Protection Act,**
**Md. Code Ann. Com. Law §13-101 *Et Seq*.**

56.      Plaintiff incorporates the foregoing paragraphs as if restated herein.

57.      Pursuant to Com. Law § 14-1901(e), a "Credit Services Business" under

Maryland law is defined as "any person who, with respect to the extension of

credit by others, sells, provides, or performs, or represents that such person can or

will sell, provide, or perform, any of the following services in return for the

payment of money or other valuable consideration: (i) Improving a consumer's

credit record, history, or rating or establishing a new credit file or record; (ii)

Obtaining an extension of credit for a consumer; or (iii) Providing advice or

assistance to a consumer with regard to either subparagraph (i) or (ii) of this

paragraph."

58.      An "Extension of credit" as related to a credit services business "means the

right to defer payment of debt or to incur debt and defer its payment, offered or

granted primarily for personal, family, or household purposes." Md. Code Ann.,

Com. Law § 14-1901(f).

17

59.     PayPal Credit in its actions with the Named Plaintiff and the Class members has acted as a credit services business by arranging extensions of credit for the Named Plaintiff and Class members with Comenity Capital Bank.

60.     Maryland law requires that "[a] credit services business is required to be licensed." Com. Law § 14-1903. ·Paypal Credit is not properly licensed and was not licensed or exempt from licensure at any time during the class period.

61.     A credit services business must also give a consumer to whom it is providing services, a written statement which will detail the services provided, their right to certain required information for the consumer, and the total fees to be charged to the consumers before the credit services business actually performs any services on the consumer's behalf. Com. Law § 14-1904, 14-1905, and 14-1906. PayPal Credit never provided the Named Plaintiff or the Class members with any of the information required by Com. Law § 14-1904, 14-1905, and 14-1906.

62.     PayPal Credit never disclosed to the Named Plaintiff and the Class members clearly and conspicuously the actual terms and conditions of credit it arranged on their behalf before the Named Plaintiff and the Class members agreed to the credit offer. Instead it is not until after the Named Plaintiff and Class members agreed to the credit offer that Paypal Credit clearly and conspicuously disclosed the actual terms and conditions of credit.

63.     A credit services business must also provide a consumer a written right to cancel the contract for credit services he establishes with a consumer in a specific

form. Md. Code Ann., Com. Law § 14-1906. PayPal Credit failed to provide the Named Plaintiff and the Class members with the right to cancel.

64.     PayPal Credit also charged and collected fees and other consideration, directly or indirectly, from the Named Plaintiff and Class members before it complied with the MCSBA.

65.     PayPal Credit's acts herein were willful and knowing. This is based upon the nature of the work PayPal Credit performed and its knowledge that the services provided to Maryland consumers, like the Named Plaintiff and Class members, was illegal. If PayPal Credit actually believed it was exempt from the requirements it was required to disclose the basis of that belief pursuant to Com. Law § 14-1903.1 but it in fact concealed the required information from the Named Plaintiff and the Class members and never disclosed the required information mandated by Com. Law § 14-1903.1. In the alternative PayPal Credit's acts in relation to the Named Plaintiff and Class members was negligent.

66.     A credit services business which willfully fails to comply with any requirement imposed by the Maryland Credit Services Businesses Act, "is liable to the consumer in an amount equal to the sum of: (1) Any actual damages sustained by the consumer as a result of the failure; (2) A monetary award equal to 3 times the total amount collected from the consumer, as ordered by the Commissioner; (3) Such amount of punitive damages as the court may allow; and (4) In the case of any successful action to enforce any liability under this section, the costs of the

19

action together with reasonable attorney's fees as determined by the court." Com. Law § 14-1912(a).

67.     A credit services business which negligently fails to comply with any requirement imposed by the Maryland Credit Services Businesses Act, in failing to comply with any requirement imposed under the law "with respect to any consumer is liable to that consumer in an amount equal to the sum of: (1) Any actual damages sustained by the consumer as a result of the failure; and (2) In the case of any successful action to enforce any liability under this section, the cost of the action together with reasonable attorney's fees as determined by the court." Com. Law § 14-1912(b).

68.     "Each sale of the services of a credit services business that violates any provision of [Maryland Credit Services Businesses Act] is [also] an unfair or deceptive trade practice under Title 13 of this article." Com. Law § 14-1914.

WHEREFORE, Named Plaintiff and Class Members pray for the following relief against Defendant and in favor of the Named Plaintiff and Class members for its violations of the Maryland Credit Services Businesses Act and the Maryland Consumer Protection Act:

   A. This Court certify this action as a Class pursuant to Md. Rule 2-231 naming Plaintiff as the Named Representative and her attorneys as Class Counsel;

   B. Awarding as part of this claim a sum in excess of $75,000.00 which

20

represents their compensatory damages and losses as a result of the Defendant's direct and indirect, unfair or deceptive and unlawful practices as described herein pursuant to Com. Law §§ 13-408 & 14-1912;

C. Awarding punitive damages, for Defendant's willful and knowing violations of Maryland law, as the Court may allow pursuant to Com. Law § 14-1912;

D. Awarding reasonable attorney's fees and costs pursuant to Com. Law §§ 13-408 & 14-1912; and

E. Ordering such other and further relief as the Court deems just and proper.

## Count II: Unjust Enrichment

69.     Plaintiff incorporates the foregoing paragraphs as if restated herein.

70.     Defendant PayPal Credit was not entitled to receive any benefit, consideration, or payments from Named Plaintiff and the Class Members, directly or indirectly, as a result of its unlicensed and otherwise illegal credit services business activities with the Named Plaintiff and Class members because it did not have the legal right to conduct such services in the State of Maryland.

71.     PayPal Credit is presumed to know the law including the enactment of the MCSBA.

72.     Additionally, PayPal Credit has known since it agreed to the entry of the CFPB Judgment that was required to clearly and conspicuously disclose material

information to consumers related to its services yet it has failed to do so in its relationship with the named Plaintiff and the Class members as described herein.

73.     PayPal Credit had an affirmative duty under Maryland law and the Maryland Consumer Protection Act and the MCSBA to disclose to Ms. Evans and the Class members that it lacked a license to conduct credit services businesses in the State of Maryland and if it believed it was exempt from doing so the basis of that belief but it failed to do so.

74.     PayPal Credit's failure to disclose its lack of licensing status was a material omission.

75.     If PayPal Credit had properly disclosed its unlicensed status, the Named Plaintiff and the Class members would have been able to discover their claims against PayPal Credit.  The Named Plaintiff's and the Class members' discovery was delayed by the continuous concealment of PayPal Credit's unlicensed status.

76.     PayPal Credit cannot claim ignorance of the licensing law—i.e. MCSBA.

77.     The MCSBA clearly applies to persons who arrange for the extension of credit to Maryland consumers and violating the MCSBA constitutes a crime. COM. LAW § 14-1915. Rather than comply with the law, the Defendant, acted in a reckless, willful, and knowing efforts to evade a clear mandate of Maryland law.

78.     As part of its efforts to evade the Maryland law, the Defendant chose not to disclose to consumers such as the Named Plaintiff and members of the Class that it did not possess a credit services business license required by law.

22

79.     The Defendant PayPal Credit's failure to disclose tolled the running of any limitations that may otherwise apply to the claims of the Named Plaintiff and the members of the Class until PayPal Credit makes the required disclosures.

80.     The Named Plaintiff and members of the Class were not required to assume that Defendant PayPal Credit was engaging in illegal activities. The Named Plaintiff and members of the Class were reasonable in not assuming that Defendant PayPal Credit was engaging in illegal activities.

81.     Due to its presumed and actual knowledge, as described *supra*, PayPal Credit had an appreciation that it was not entitled to receive the benefits it was collecting from the Plaintiff and Class members that flow from the extensions of credit arranged by it.

82.     The acceptance and retention by PayPal Credit of any sums received as a result of the illegal activities performed by it related to the Named Plaintiff and Class Members under such circumstances is inequitable since PayPal Credit did not and does not have the legal right to even collect any payments or compensation in the first instance in the manner it does while acting without a license or otherwise in contravention of the MCSBA—this conclusion is just and proper even though PayPal Credit might have otherwise collected fees and other consideration for its services by obtaining a license.

83.     PayPal Credit is not entitled to any equitable relief in the form of a set-off or recoupment since it comes before the Court with unclean hands having engaged in illegal activities in the State of Maryland as described herein.

84.     The amounts of payments and other consideration accepted and retained by

PayPal Credit from the Class members are liquidated amounts.

WHEREFORE, Named Plaintiff and Class Members pray for the following

relief against Defendant and in favor of the Named Plaintiff and Class members

on the basis of a common law claim of Unjust Enrichment:

a.     Certify the Class defined herein with the Named Plaintiff as Class

Representative and her attorneys as Class Counsel on behalf of the Class

members described herein;

b.     Grant a money judgment and order the Defendant to disgorge and

pay to the Class all payments and consideration and interest it has

collected, and profits realized there from, in a sum in excess of

$75,000.00, from the Class members and Named Plaintiff related to the

credit services business activities it engaged without the right to do so.

c.     Award reasonable attorney's fees, litigation expenses and costs;

and

d.     Provide such other or further relief as the Court deems appropriate.

### COUNT III: Money Had and Received

85.     Plaintiff incorporates the foregoing paragraphs as if restated herein.

86.     As set forth above, Defendant assessed and collected directly and indirectly

through its affiliates upon its illegal credit services business it entered into with

Named Plaintiff and the Class members.  Collection and retention of sums and

24

other consideration for illegal services in violation of Maryland law without the right to do so is inequitable.

87.     By collecting upon the extensions of credit PayPal Credit arranged without the right to do so and therefore coming into possession of money and other consideration that it had no right to at law or in equity since its acts and omissions violated MCSBA and/or in good conscience it ought not to be allowed to retain.

88.     All monies paid by the Class members, directly or indirectly to PayPal Credit were paid under the erroneous belief and fact that there was a valid. Alternatively, the sums paid by the Named Plaintiff and Class members to PayPal Credit were done so under the false pretenses that the credit services business arranged by PayPal Credit were legitimate when they were not.

89.     PayPal Credit did unlawfully deprive the Named Plaintiff and other Class members of both their money and property.

90.     The MCSBA is a law enacted to protect citizens who are being pursued by credit service businesses and the legislature determined need protection. Acting without a credit services business license is a criminal offense.

91.     PayPal Credit collected money and other consideration from the Named Plaintiff and the Class members for illegal credit services business. The Defendant was not legally entitled to collect any amounts or consideration, directly or indirectly, from the Named Plaintiff and the Class Members.

92.     The Named Plaintiff nor the Class members did not take any action to consider them *in pari delicto* with the Defendant.

93.     Payments made to PayPal Credit by the Named Plaintiff and the Class Members were not voluntary payments because the Defendant and its affiliates represented PayPal Credit was offering bona fide service provider when it was not since it is acting unlawfully. Defendant had no legal right to conduct credit service business but concealed any discovery of its illegal activities by failing to disclose to the Named Plaintiff and Class members its true status as a credit service business operating illegally in the State of Maryland.

94.     The Named Plaintiff and Class members who have paid money to the Defendant are entitled to a return of the money paid to it since the Defendant obtained the money through unlawful activity.

WHEREFORE, Named Plaintiff and Class Members pray for the following relief against Defendant and in favor of the Named Plaintiff and Class members on the basis of a common law claim of Money Had and Received:

a.     Certify the Class defined herein with the Named Plaintiff as Class Representative and her attorneys as Class Counsel on behalf of the Class members described herein;

b.     Grant a money judgment and order the Defendant to disgorge and pay to the Class all payments and consideration and interest, and profits there from, it has collected in a sum in excess of $75,000.00, from the Class members and Named Plaintiff related to the credit services business activities it engaged without the right to do so.

26

c.  Award reasonable attorney's fees, litigation expenses and costs;

and

d.  Provide such other or further relief as the Court deems appropriate.


Respectfully Submitted,


Phillip R. Robinson
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD  20910
Phone (301) 448-1304

*Attorney for Plaintiff*

## REQUEST FOR JURY TRIAL

Plaintiff Lorenza Evans on her behalf and on behalf of the putative class members described herein her Class Action Complaint, request a jury trial on all claims asserted therein.

Phillip Robinson
*Attorney for the Named Plaintiff &
Putative Class Members*

28